UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:21-CV-81940

DAVID OPPENHEIMER,

    Plaintiff,

v.

LUCAS VISCONTI, DIVERSITYINC MEDIA, LLC, and JOHN DOE,

    Defendants.

**DEFENDANT, DIVERSITYINC MEDIA, LLC'S MOTION TO DISMISS COMPLAINT**

Defendant, DiversityInc Media, LLC ("DiversityInc"), moves the Court, pursuant to Federal Rules of Civil Procedure 8(a), 10(b) and 12(b)(6) for an order dismissing the Complaint for Copyright Infringement ("Complaint") [D.E. 1] against DiversityInc, and says:

The Complaint should be dismissed as a shotgun pleading. The Complaint includes five claims, three of which appear to be against DiversityInc (although they are not clearly identified as applying to any of the three defendants): Count I for Non-Willful Copyright Infringement, Count II for Reckless/Willful Copyright Infringement, and Count V for Violations of Digital Millennium Copyright Act. Count III for Vicarious Copyright Infringement appears to be directed at Defendant, Lucas Visconti and Count IV for Contributory Copyright Infringement appears to be directed at Defendants, Mr. Visconti and John Doe. Each claim incorporates all the previous paragraphs in the Complaint. Including all prior paragraphs in each claim creates the typical shotgun pleading with allegations contradictory to and irrelevant to later claims incorporated into every claim. The Complaint should be dismissed and Plaintiff, David Oppenheimer ("Oppenheimer") should be required to replead.

**MEMORANDUM OF LAW**

The Complaint represents a classic example of a "shotgun" complaint. The Eleventh Circuit described shotgun pleadings like Oppenheimer's: "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to the situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). In that case, the court affirmed the district court's dismissal of the second amended complaint and denial of leave to file a third amended complaint. *Id.* at 1294-95. More recently, the Eleventh Circuit affirmed a similar dismissal when a plaintiff "incorporated and re-alleged the counts that came before" the counts. *Sarhan v. Miami Dade Coll.*, 800 F. App'x 769, 771-72 (11th Cir. 2020) (concluding "the district court did not abuse its discretion in dismissing his complaint as a shotgun pleading.").

Similarly, courts in this district have explained that "[c]omplaints that violate Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil Procedure are often and widely referred to as shotgun pleadings. Courts of this Circuit have consistently found the use of such pleadings an impediment to the efficient administration of the judicial system." *Genesis NYC Enterprises, Inc. v. JAI Group, SA*, 2016 WL 1588397 at *2 (S.D. Fla. April 20, 2016) (internal citations omitted). Again, in *Genesis* the court dismissed the improperly pled complaint. *Id.* at *4-5.

The Complaint is the quintessential shotgun pleading because in each count "Oppenheimer re-alleges and incorporates" all of the paragraphs preceding the count, "as if recited *verbatim*." Compaint [D.E. 1] at ¶¶ 18, 21, 26, 30, 35. In so doing, Oppenheimer alleges that DiversityInc both non-willfully and willfully infringed Oppenheimer's copyrights in Count II, for Reckless/Willful Copyright Infringement. *Id.* at ¶¶ 19, 22. For Count V, violation of the Digital

Millennium Copyright Act, Oppenheimer includes not only the alleges of both willful and non-willful copyright infringement also the claims and allegations against other parties in Counts III and IV. *Id.* at ¶¶ 19-22, 26-35. Because the Complaint violates Rules 8(a)(2) and 10(b), this Court should dismiss the Complaint in its entirety, without prejudice to Oppenheimer to replead.

WHEREFORE, DiversityInc Media, LLC respectfully requests that this Court enter an order dismissing the Complaint without prejudice, and any further relief the Court deems just and proper.

Respectfully submitted,

*/s/ John W. Terwilleger*
**PREETHI SEKHARAN**
Florida Bar No. 813591
Primary: psekharan@gunster.com
Secondary: eservice@gunster.com
Secondary: mkostick@gunster.com
**JOHN W. TERWILLEGER**
Florida Bar No. 107095
Primary: jterwilleger@gunster.com
Secondary: dpeterson@gunster.com
**GUNSTER, YOAKLEY & STEWART, P.A.**
777 S. Flagler Drive, Suite 500 East
West Palm Beach, FL 33401
Telephone:  561-655-1980
Facsimile:  772-288-0610
Facsimile:  561-655-5677
***Counsel for Defendants, DiversityInc Media, LLC and Lucas Visconti***

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2022, I electronically filed the foregoing document with the Clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

                                              */s/ John W. Terwilleger*
                                              John W. Terwilleger

## SERVICE LIST

**Anthony M. Lawhon, P.A.**
Anthony M. Lawhon, Esq.
3003 Tamiami Trail N., Suite 200
Naples, FL 34103
Telephone: 239-325-8956
Facsimile: 239-236-3300
tonylawhon@lawhonlaw.us
cathyray@lawhonlaw.us
*Counsel for Plaintiff*

**LeJune Law Firm**
Dana A. LeJune, Esq.
Scott M. Francis, Esq.
1225 N. Loop West, Suite 825
Houston, TX 77088
Telephone: 713-942-9898
Facsimile: 713-942-9899
dlejune@triallawyers.net
scott@triallawyers.net
*Pro Hac Vice*
*Counsel for Plaintiff*

ACTIVE:14475648.1