UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-81940-CIV-MARRA

DAVID OPPENHEIMER,

Plaintiff,

vs.

LUCAS VISCONTI,
DIVERSITYINC MEDIA, LLC,
and JOHN DOE,

Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

This cause is before the Court upon Defendant DiversityInc Media, LLC's Motion to Dismiss Complaint (DE 17) and Defendant Lucas Visconti's Motion to Dismiss Complaint (DE 19). Plaintiff has filed a response (DE 20) and Defendants have filed joint Reply (DE 21). The Court has carefully considered the Motion, the Response and the Reply and is otherwise fully advised in the premises.

I. Background

On October 20, 2021, Plaintiff David Oppenheimer ("Plaintiff") filed a five-count Complaint against Defendants DiversityInc Media, LLC ("Diversity"), Lucas Visconti ("Visconti") and John Doe ("Doe") (collectively, "Defendants"). Plaintiff brings the following counts: non-willful copyright infringement (count I); reckless/willful copyright infringement (count II); vicarious copyright infringement (count III); contributory copyright infringement (count IV) and violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201 et seq. ("DMCA") (count V). The Complaint does not identify against whom each count is lodged.

According to the Complaint, Plaintiff is a professional photographer who has a copyright in the photographs at issue. (Compl. ¶ 7.) Plaintiff's photographs are available for viewing on his

website, where the photographs are identified as copyrighted. (Compl. ¶¶ 8-11.) Plaintiff discovered "that one or more of the Defendants, or someone at their direction, infringed his copyrights by uploading, distributing, and/or publishing (or directing others to do so) his images on the website www.diversityinc.com." (Compl. ¶12.)

Defendants move to dismiss the Complaint without prejudice on the basis that it is a shotgun pleading, stating that all the paragraphs of the Complaint reallege and incorporate all the proceeding paragraphs in the Complaint. According to Defendants, the Complaint therefore reads as asserting claims for non-willful and willful copyright infringement in count II; willful, non-willful and vicarious copyright infringement in count III and willful, non-willful and vicarious and contributory copyright infringement in count IV. With respect to count V, Defendant states that all counts are incorporated into that count V.

Plaintiff opposes the motion to dismiss, stating that the Complaint states valid claims against Visconti and Diversity for copyright infringement, and in the alternative, alleges claims against these Defendants for reckless/willful copyright infringement. Plaintiff also contends that the Complaint seeks to plead alternative claims of secondary and contributory liability against Visconti. Lastly, Plaintiff states that he pled a valid claim of relief against all Defendants for violating the DMCA.

II. Discussion

Shotgun pleadings violate Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), by "fail[ing] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1294–95 (11th Cir. 2018). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."

Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 367 (11th Cir. 1996).

Thirty years after the Eleventh Circuit first discussed shotgun pleadings, the Court provided a more detailed description about shotgun pleadings by placing them into four different categories. Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-33 (11th Cir. 2015). The first category consists of "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. The second category is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third category concerns a complaint that fails to "separat[e] into a different count each cause of action or claim for relief." Id. at 1323. Lastly, the fourth category asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id.

The Complaint suffers from several of these infirmities. First, the Complaint contains a universal incorporation clause in each count. See Compl. ¶¶ 18, 21, 26, 30, 35. Each count of the Complaint incorporates every preceding paragraph in the Complaint. As such, the Court cannot ascertain which paragraphs are relevant to each claim. See Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002) ("[t]he typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions.")

Equally problematic is that the Complaint improperly lumps Defendants. None of the counts in the Complaint identify against whom these counts are brought. It seems unlikely that

each Defendant participated in each wrongful act alleged in an identical manner. Furthermore, the Complaint makes allegations of wrongdoing against a "third party" and it is unclear if this third party is the "Doe" defendant or a non-party. See Compl. ¶ ¶ 24, 37.

The Court agrees with Plaintiff that he may plead counts in the alternative. Fed. R. Civ. P. 8(d)(3); Gelboim v. Bank of Am. Corp., 135 S. Ct. 897, 902 (2015) ("The Federal Rules allow a plaintiff to state in one complaint as many separate claims as it has.") (internal quotation marks, brackets and ellipses omitted). That stated, the counts must be sufficiently definite to enable Defendants to know with what they are charged and to enable Defendants to respond to the allegations.

Based on the foregoing, the Court will grant Plaintiff leave to amend to remedy the pleading deficiencies highlighted in this Order. See Vibe Micro v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018) ("[A] district court must *sua sponte* give [the plaintiff] one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds ... [and] should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings.")

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant DiversityInc Media, LLC's Motion to Dismiss Complaint (DE 17) and Defendant Lucas Visconti's Motion to Dismiss Complaint (DE 19) are **GRANTED**. Plaintiff shall file an amended complaint within 15

days of the date of entry of this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of March, 2022.

KENNETH A. MARRA
United States District Judge