## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

DAVID OPPENHEIMER,                     §
                                       §
         Plaintiff,                    §        Case No. 9:21 cv 81940
                                       §
v.                                     §
                                       §        FIRST AMENDED COMPLAINT
                                       §        FOR COPYRIGHT
LUCAS VISCONTI,                        §        INFRINGEMENT
DIVERSITYINC MEDIA, LLC                §
AND JOHN DOE,                          §
                                       §
         Defendants.                   §

Plaintiff, David Oppenheimer ("Oppenheimer" or "Plaintiff"), for his first amended complaint against Defendants, Lucas Visconti ("Visconti"), DiversityInc Media, LLC ("Diversity") and John Doe ("Doe") (collectively, "Defendants"), alleges:

### JURISDICTION/VENUE

1.      Oppenheimer's claims arise under the copyright laws of the United States, 17 U.S.C. 101 *et. seq.*, (hereinafter the Copyright Act.).

2.      Subject matter and personal jurisdiction is vested in this Court pursuant to 28 U.S.C. 1338.   Additionally, this Court has subject matter jurisdiction under 28 U.S.C. 1331 inasmuch as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c).

### THE PARTIES

3.      Plaintiff is a citizen of North Carolina engaged in the business of professional photography and resides in and has a principal place of business in Asheville, Buncombe County, North Carolina.

4.      Visconti is an individual and citizen of the State of Pennsylvania and is the founder, chairman, officer, owner, manager, and/or other principal of DiversityInc Media, LLC.  Visconti

will receive actual notice of this Complaint by service upon him at 1690 Parkline Drive, Pittsburgh, Pennsylvania 15227-1652 or wherever he may be found.

5.      Diversity is a limited liability company operating in the State of Florida at 3300 S. Dixie Highway, Suite 1-125, West Palm Beach, Florida 33405-1987 and will receive actual notice of this Complaint by service upon its registered agent, Registered Agents, Inc., 7901 4th Street, Suite 15, N. Saint Petersburg, Florida, 33702-4305 or by serving its Chief Executive Officer, Carolyn Johnson at 3300 S. Dixie Highway, Suite 1-125, West Palm Beach, Florida 33405-1987 or wherever it may be found.

6.      Doe is the individual or entity that located and downloaded the subject photograph from the World Wide Web on or at direction or on behalf of one or more of the Defendants, and that/who subsequently removed and/or cropped out Oppenheimer's copyright management information ("CMI") from the subject, and/or an individual who is vicariously liable for the infringement(s) of Oppenheimer's work(s).

## INTRODUCTORY FACTS

7.      Oppenheimer is a professional photographer, is the author (photographer) of, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyrights in the photograph at issue in this matter (the "Work" **Exhibit 1**).

8.      Oppenheimer makes his photographic works available for perusal and licensing online at his website http://performanceimpressions.com.

9.      Oppenheimer has complied in all respects with Title 17, U.S.C. § 102, *et seq.,* and all other laws governing federal copyright applicable to the Work and registered the copyrights with the Register of Copyrights at the U.S. Copyright Office. Attached hereto as **Exhibit 2** is a

true and correct copy of the certificate of registration and the deposit photograph for the registration certificate entitled 2016 Summer Travel Photographs by David Oppenheimer bearing certificate number VAu 1-259-743.

10.     At all relevant times hereto, Oppenheimer has and continues to be the sole owner of all rights, titles, and interests in and to the aforementioned registrations and photographic Work. Oppenheimer's copyrights in the above-described Work are presently valid and subsisting, were valid and subsisting from the moment of the Work's creation, and all conditions precedent to the filing of this suit have occurred.

11.     For many years, it has been Oppenheimer's custom and business practice to display his copyright management information ("CMI") on his copyrighted photographs when they are first published by him, and thereafter. When published by Oppenheimer, the Work at issue in this case prominently displayed his CMI in the caption, with a facial watermark, and embedded in the metadata of the Work. Thus, Defendants were on notice that the Work was copyright-protected.

12.     Within three (3) years of filing suit, Oppenheimer discovered that one or more of the Defendants, or someone at their direction, infringed his copyrights by uploading, distributing, and/or publishing (or directing others to do so) his protected image on the website https://www.diversityinc.com/ for the purpose of advertising and marketing Diversity and its publications. See **Exhibit 3**.  Upon information and belief, Diversity and Visconti[1] own and operate the website www.diversityinc.com as part of their network of companies and websites stemming from www.diversityinc.com.

---

[1] As the founder and chairman of Diversity

13.     The Work was publicly displayed by Diversity and Visconti on (at least) the following URLs:

1
https://www.diversityinc.com/featured-partners/tiaa-nine-trustees-elected-to-cref-board;

https://diversityinc-img.rbl.ms/simage/https%3A%2F%2Fassets.rbl.ms%2F18093100%2F1200x600.jpg/2000%2C2000/jatnFwJHZF83odAF/img.jpg; *and*
https://www.diversityinc.com/media/2019/01/18227418-1245x700.jpg.

------
2
https://www.diversityinc.com/featured-partners/tiaa-promotes-corie-pauling-to-chief-diversity-inclusion-officer;

https://diversityinc-img.rbl.ms/simage/https%3A%2F%2Fassets.rbl.ms%2F18783585%2F1200x600.png/2000%2C2000/VV4ikUNIe0BoXEC0/img.png; *and*

https://www.diversityinc.com/media/2019/01/18783585-1245x700.png.

-----

3
https://www.diversityinc.com/tiaa-mentorship-is-a-two-way-street; *and*

https://www.diversityinc.com/media/2019/01/19026656-1245x700.png.

------
4
https://www.diversityinc.com/featured-partners/tiaa-bank-acquires-1-5-billion-healthcare-equipment-financing-portfolio-from-ge-capital; *and*

https://www.diversityinc.com/media/2019/01/18845281-1245x700.png.

------
5
https://www.diversityinc.com/featured-partners/findings-in-new-tiaa-institute-study-counter-common-perceptions-of-adjunct-faculty-in-higher-education; *and*

https://www.diversityinc.com/media/2019/01/18819550-1245x700.png.

------

6
https://www.diversityinc.com/featured-partners/tiaa-introducing-a-new-custom-default-solution-tiaa-retireplus; *and*

https://www.diversityinc.com/media/2019/01/18730675-1245x700.png.

------
7
https://www.diversityinc.com/featured-partners/tiaa-unveils-the-tiaa-difference-maker-100-recognizing-extraordinary-people-helping-to-create-a-better-tomorrow; *and*

https://www.diversityinc.com/media/2019/01/18714142-1245x700.png.

------
8
https://www.diversityinc.com/tiaa-mission-and-job-satisfaction-give-nonprofits-an-edge-over-for-profit-companies-in-attracting-and-retaining-talent-2608386624; *and*

https://www.diversityinc.com/media/2019/01/18668737-1245x700.png

------
9
https://www.diversityinc.com/featured-partners/tiaa-new-study-underscores-importance-of-financial-literacy-among-older-americans; *and*

https://www.diversityinc.com/media/2019/01/18189808-1245x700.jpg

-------
10
https://www.diversityinc.com/featured-partners/tiaa-institute-and-pension-research-council-showcase-new-research-on-financial-decision-making

https://www.diversityinc.com/media/2019/01/18124480-1245x700.jpg

-------
11
https://www.diversityinc.com/featured-partners/tiaa-names-lori-fouche-as-ceo-of-retail-institutional-financial-services; *and*
https://www.diversityinc.com/media/2019/01/18093100-1245x700.jpg.

------

12
https://www.diversityinc.com/featured-partners/tiaa-introduces-tiaa-bank-serving-consumer-institutional-and-commerical-clients-nationwide; *and*

https://www.diversityinc.com/media/2019/01/17976307-1245x700.jpg.

14.     Oppenheimer later discovered that Visconti, Diversity and/or Doe (at the direction of Visconti and/or Diversity)[2] infringed his copyrights by locating the Work on the Web and then reproducing (uploading), distributing, and/or publicly displaying the Work on the website, www.diversityinc.com for the purpose of advertising and marketing Diversity. See **Exhibit 4**.

15.     Upon information and belief, Visconti, Diversity and/or Doe (at the direction of Visconti and/or Diversity)[3] located and accessed Oppenheimer's Work at http://www.performanceimpressions.com, then downloaded the work, and then uploaded it to the webpages to advertise and promote Diversity.

16.     Oppenheimer's attorney sent a formal letter identifying the infringing URLs demanding Defendants cease and desist from their ongoing infringement and seeking information about the uses to which the work had been put, profits received, and the like.  See **Exhibit 5**.

17.     Through several other attempted communications with the Defendants and their Counsel (Counsel opened several email communications, but did not respond to any of them), it became clear that Defendants were uninterested in avoiding litigation through a negotiated settlement, and so this suit was filed.

---

[2] Discovery will reveal which named Defendant specifically participated in each infringing activity.
[3] Discovery will reveal which named Defendant specifically participated in each infringing activity.

## CAUSES OF ACTION

### COUNT I – NON-WILLFUL COPYRIGHT INFRINGEMENT

18.    Oppenheimer re-alleges and incorporates paragraphs 1 – 17 above as if recited *verbatim*.

19.    Defendants Visconti, Diversity, and Doe have non-willfully infringed Oppenheimer's copyrights in and to the Work shown on **Exhibit 1** by scanning, copying, reproducing, distributing, and/or otherwise using, unauthorized copies of said photograph within the United States in violation of Title 17.

20.    Defendants Visconti and Diversity have non-willfully infringed Oppenheimer's copyrights in and to the Work shown on Exhibit 1 by publicly displaying unauthorized copies of said photograph on their website www.diversityinc.com within the United States in violation of Title 17.

21.    Upon information and belief, Defendants have benefitted from infringements of the Work, while Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Oppenheimer is entitled to injunctive relief, damages, and other relief set forth in the Title 17.

### COUNT II – RECKLESS/WILLFUL COPYRIGHT INFRINGEMENT

22.    Oppenheimer re-alleges and incorporates paragraphs 1 – 17 above as if recited *verbatim*.

23.    In the alternative to Count I above, Visconti, Diversity, and Doe have recklessly/willfully infringed Oppenheimer's copyrights in and to the Work shown on **Exhibit 1** by scanning, copying, reproducing, distributing, and/or otherwise using, unauthorized copies of said photograph within the United States in violation of Title 17.

24.     In the alternative to Count I above, Defendants Visconti and Diversity have recklessly/willfully infringed Oppenheimer's copyrights in and to the Work shown on Exhibit 1 by publicly displaying unauthorized copies of said photograph on their website www.diversityinc.com within the United States in violation of Title 17.

25.     As is his pattern and practice, Oppenheimer had clearly marked the Work -- on the face of the image in legible caption, and/or in the metadata and/or in a caption -- with his CMI, including a © notice of copyright; the metadata states that all rights are reserved, and includes instructions, Oppenheimer's address, phone number, email, and website URL.[4] Oppenheimer does these things to distinguish his Works from the works of others in his field, to provide a way for potential licensees to contact him for purchasing licenses, as well as to ensure that anyone who merely views his Works appreciates that he owns all rights and title in them.

26.     Upon information and belief, in performing the infringing activities described above, Defendants Visconti, Diversity, and Doe (on behalf of Visconti and/or Diversity), saw Oppenheimer's copyright notice on the face of the image prior to scraping it from the World Wide Web, and uploading it to its websites. Further, Defendants Visconti, Diversity, and Doe (on behalf of Visconti and/or Diversity), removed Oppenheimer's copyright notice from the face of the Work, as well as all of his CMI from within its metadata, before uploading and distributing it. Therefore, because they had the opportunity to appreciate that Oppenheimer was the sole author and owner of the Work, and still used it without license or authorization, Defendants recklessly/willfully infringed the Work.

---

[4] With the exception of Oppenheimer's works for sale on Fine Art America, where they show the Fine Art America watermark…

27.     Upon information and belief, one or more of the Defendants have benefitted from their infringements of the Work, while Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Oppenheimer is entitled to injunctive relief, damages (including disgorgement of Defendants' profits), and other relief set forth in the Act.

## COUNT III – VICARIOUS COPYRIGHT INFRINGEMENT

28.     Oppenheimer re-alleges and incorporates paragraphs 1 – 17 hereinabove as if recited *verbatim*.

29.     Pleading further but without waiver of the foregoing, in the alternative to the claims made against Visconti in Counts I and II above, Oppenheimer shows while the infringing acts were being performed, Visconti was the owner, officer, director, manager, registered agent and/or other genre of controlling principal of/for Diversity.

30.     On information and belief, Visconti controlled nearly all decisions and activities of Diversity and is the dominant influences in the company.   Visconti provided hands-on decision making with respect to the activities of Diversity, making many, if not most, of the decisions. Visconti thus had the right and ability to supervise and/or control the infringing conduct of Diversity – and of its employees, agents, or servants, including but not limited to Doe – and/or to stop the infringements once they began. Additionally, upon information and belief, Visconti had an obvious and direct financial interest in the infringing activities of the entity he owned.

31.     Accordingly, Visconti is personally liable to Oppenheimer as joint and/or contributory infringers or are otherwise vicariously liable for the infringing activities of Diversity and Doe.

## COUNT IV – CONTRIBUTORY COPYRIGHT INFRINGEMENT

32.     Oppenheimer re-alleges and incorporates paragraphs 1 – 17 above as if recited *verbatim*.

33.     In the alternative to the claims made against them in Counts I – III above, Visconti and/or Doe have intentionally induced, encouraged, caused, enabled, facilitated, and/or materially contributed to the infringements complained of herein by directly and/or indirectly promoting the infringements, and/or have refused to exercise their right and/or ability to stop the infringement(s) after they began.

34.     On information and belief, Visconti and/or Doe exert dominant influence over Diversity and/or Doe. He/they provide hands-on decision making with respect to the activities of Diversity, set and control the company's policies and protocols, and one or both have established corporate rules and cultures which encouraged the infringing activities.  Visconti and/or Doe therefore had the right and ability to supervise and/or control the infringing conduct of Diversity and/or of Doe, their employees, agents, or servants – and/or to stop the infringements once they began, but either directly refused to exercise such rights or chose to remain willfully blind to the infringing activities, all the while creating a work environment that encouraged and/or enabled the same. Additionally, upon information and belief, Visconti and/or Doe has/have an obvious and direct financial interest in the infringing activities of the entity he/they ran.

35.     Additionally, and in the alternative to the claims made against them in Counts I – III above, Visconti and/or Doe has/have intentionally induced, encouraged, caused, enabled, facilitated, and/or materially contributed to the infringements complained of herein by owning, operating, hosting, and/or overseeing the Diversity websites, and/or, directly and/or indirectly

10

promoting the infringements, and/or have refused to exercise the right and/or ability to stop the infringement(s) after they began.

36.     Accordingly, Visconti and/or Doe is/are liable to Oppenheimer as contributory infringers for the infringing activities of Diversity.

### COUNT V -- VIOLATIONS OF DIGITAL MILLENNIUM COPYRIGHT ACT

37.     Oppenheimer re-alleges and incorporates paragraphs 1 – 17 above as if recited *verbatim*.

38.     As is his pattern and practice, Oppenheimer clearly marked copies of the Work with his CMI on the face of the images, in legible captions just below the image, and within the metadata of the image.  Oppenheimer's facial CMI always includes a "©" or the word "Copyright" in the lower right corner of works he publishes; CMI in the metadata always includes proper notices of copyright, and notices declaring "All Rights Reserved" in addition to instructions, Oppenheimer's address, phone number, email, and the Performance Impressions website URL. Oppenheimer does all this to distinguish his works from others, as well as to ensure that people who view his Works appreciate that he owns all rights and title to them. On information and belief, one or both of the Defendants, or third parties at their direction and behest (discovery will reveal which), violated the DMCA by removing Oppenheimer's CMI.

39.     In accomplishing the infringements identified above, and upon information and belief, Defendants Visconti, Diversity, and/or Doe (on behalf of Visconti and/or Diversity) intentionally removed and/or cropped-off the CMI from the face of Oppenheimer's Work.

40.     Upon information and belief, Defendants Visconti, Diversity, and/or Doe (on behalf of Visconti and/or Diversity) distributed copies and/or derivatives of Oppenheimer's Work

knowing that such CMI had been cropped-off the face of it or had been otherwise removed, all without authorization.

41.     At the time that Oppenheimer's CMI was cropped-off or otherwise removed from his Work, and at the time the Work was distributed having had its CMI cropped-off or removed, Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, and/or conceal infringements of Oppenheimer's copyrights.

42.     Oppenheimer is entitled to and seeks recovery of statutory damages from Defendants not less than $2,500, and not exceeding $25,000 for each act committed in violation of his rights under 17 U.S.C. §1203(c)(3)(B).

43.     Pursuant to 17 U.S.C. §1203(b)(5), Oppenheimer is entitled to recover, and therefore seeks the recovery of his Lodestar costs, including reasonable attorney's fees.

## CAUSATION/DAMAGES

44.     As a result of Infringers' above-described acts of copyright infringement, Oppenheimer has sustained actual damages in an amount not yet ascertained, but which discovery will illuminate. Such actual damages include, but are not limited to, lost profits and/or lost licensing revenue, disgorgement of the infringers' profits attributable to their infringements, statutory damages including for the DMCA violations; research time tracking-down and documenting the infringements, research time tracking-down and emailing and calling the infringers, and attorneys' and paralegals' time trying to amicably resolve the matter, and for the drafting, filing and service of this complaint, citations, waivers of service and related documents.

## RELIEF REQUESTED

45.     Oppenheimer demands an accounting of Defendants' activities in connection with their infringements of his copyrights in and to the above-described and attached Work, as well as

disgorgement of profits attributable to the infringing activities, as well as all other benefits realized by Defendants through their infringing activities.

46.     Oppenheimer is entitled to recover and therefore seeks recovery of actual damages, plus all of Defendants' profits attributable to the infringements.

47.     Alternatively, and at Oppenheimer's post-verdict election, because the Work was registered prior to Defendants' infringements, Oppenheimer is entitled to and seeks recovery of statutory damages up to but not exceeding $150,000 (One Hundred Fifty Thousand Dollars)*,* plus costs, including costs and Lodestar attorney's fees, pursuant to 17 U.S.C. §504(c) and §505.

48.     Oppenheimer is also entitled to recover, and therefore seeks the recovery of actual damages plus any additional profits and/or benefits realized by Defendants through their violations of the DMCA pursuant to 17 U.S.C. §1203(c)(2).

**49.**     Alternative to actual damages under the DMCA, at Oppenheimer's post-verdict election, and pursuant to 17 U.S.C. §1203(c)(3)(B), Oppenheimer is entitled to and seeks to recover statutory damages under the DMCA not less than $2,500 and not exceeding $25,000 for each act committed by Defendants in violation of 17 U.S.C. §1202, plus Oppenheimer's Lodestar attorney's fees, pursuant to 17 U.S.C. §1203(b)(5).

## **DEMAND FOR JURY TRIAL**

50.     Defendant demands a jury trial for all claims as provided for in Rule 38 of the Federal Rules of Civil Procedure.

**Oppenheimer DEMANDS JUDGMENT:**

51.     That Defendants, their agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing Oppenheimer's copyrights in any manner whatsoever, and from

publishing through any visual media, and from selling, marketing or otherwise distributing the Work, and from using it in marketing or advertising;

52.     That Defendants be required to deliver up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all images of the Work that infringe Oppenheimer's copyrights, and all prints, film negatives, magnetic tapes, digitally scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession or under the direct or indirect control of Infringers;

53.     That Defendants provide an accounting of all gains, profits and advantages derived by him as a result of the willful and unlawful acts of copyright infringement above-described;

54.     That Defendants be ordered to pay over to Oppenheimer his actual damages sustained, in addition to all their profits attributable to the infringements, and which are not taken into account in computing Oppenheimer's actual damages incurred as a result of Defendants copyright infringements described herein, pursuant to 17 U.S.C. §504(b);

55.     In the alternative, and at Oppenheimer's election after verdict, that Defendants be ordered to pay maximum statutory damages in the amount $150,000 for the Work infringed pursuant to 17 U.S.C. §504(c), or such other amount as the jury may deem appropriate;

56.     That in addition to the above, Defendants be ordered to pay over to Oppenheimer actual damages for each DMCA violation, plus all of Defendants' profits that are attributable to each such violation – which are not taken into account in computing Oppenheimer's actual damages – pursuant to 17 U.S.C. §1203(c)(2);

57.     That alternative to actual damages under the DMCA, and at Oppenheimer's election after verdict, Defendants be: 1) ordered to pay to Oppenheimer the maximum statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B) for each violation; and 2) permanently enjoined and prohibited from employing, altering, cropping, mutilating or otherwise utilizing

14

Oppenheimer's copyrighted images or their copyright management information in any manner or media whatsoever, pursuant to 17 U.S.C. §1203(b)(1);

58.    That Defendants be ordered to pay to Oppenheimer all of his Lodestar costs including reasonable attorney's fees pursuant to 17 U.S.C. §504(c) and §505 and 17 U.S.C. §1203(b)(5); *and*

59.    That Oppenheimer recover judgment for such other and further relief as this court deems just and proper, including maximum pre and post judgment interest on all sums due.

Dated this 22nd day of March, 2022.

**ANTHONY M. LAWHON, P.A.**

By: /s Anthony M. Lawhon, Esq.
Anthony M. Lawhon, Esq.
Fla. Bar No. 965390
3003 Tamiami Trail North, Suite 200
Naples, Florida   34103
Ph:  239.325.8956
Fax: 239.236.3300
tonylawhon@lawhonlaw.us
cathyray@lawhonlaw.us


**LEJUNE LAW FIRM**

By: */s Dana A. LeJune*
    (TX 12188250)
    Scott Francis
    (TX 24088795)
    scott@triallawyers.net
    1225 N. Loop West
    Suite 825
    Houston, Texas   77008
    Ph: 713.942.9898
    Fax: 713.942.9899
    dlejune@triallawyers.net

    *Counsel for Plaintiff*

# EXHIBIT 1

My published copy TIAA_building_Denver_1670_Broadway_245 (2).pdf

Save as...



# EXHIBIT 2

## Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Kayn Leigh Claygett*

Acting United States Register of Copyrights and Director

**Registration Number**

**VAu 1-259-743**

**Effective Date of Registration:**
December 08, 2016

---

## Title

**Title of Work:** 2016 Summer Travel Photographs by David Oppenheimer

**Previous or Alternate Title:** Individual Unpublished Works - Photographs of Denver, San Francisco, Amtrak ride from Colorado to California

**Content Title:** T6_DSC_1576.jpg;
T6_DSC_1579.jpg;
T6_DSC_1582.jpg;
T6_DSC_1584.jpg;
T6_DSC_1585.jpg;
T6_DSC_1588.jpg;
T6_DSC_1596.jpg;
T6_DSC_1607.jpg;
T6_DSC_1613.jpg;
T6_DSC_1618.jpg;
T6_DSC_1641.jpg;
T6_DSC_1650.jpg;
T6_DSC_1654.jpg;
T6_DSC_1655.jpg;
T6_DSC_1661.jpg;
T6_DSC_1662.jpg;
T6_DSC_1724.jpg;
T6_DSC_1725.jpg;
T6_DSC_1726.jpg;
T6_DSC_1796.jpg;
T6_DSC_1799.jpg;
T6_DSC_1800.jpg;
T6_DSC_1805.jpg;
T6_DSC_1813.jpg;
T7_DSC_1821.jpg;
T7_DSC_1824.jpg;
T7_DSC_1831.jpg;
T7_DSC_1839.jpg;
T7_DSC_1846.jpg;
T7_DSC_1859.jpg;
T7_DSC_1870.jpg;
T7_DSC_1877.jpg;
T7_DSC_1886.jpg;
T7_DSC_1887.jpg;
T7_DSC_1923.jpg;
T7_DSC_1932.jpg;
T7_DSC_1947.jpg;
T7_DSC_1950.jpg;

T7_DSC_1952.jpg;
T7_DSC_1955.jpg;
T7_DSC_1956.jpg;
T7_DSC_1960.jpg;
T7_DSC_1970.jpg;
T7_DSC_1972.jpg;
T7_DSC_1973.jpg;
T7_DSC_1980.jpg;
T7_DSC_1999.jpg;
The_Estes_Park_Resort_704.jpg;
The_Westin_Denver_International_Airport_103.jpg;
The_Westin_Denver_International_Airport_110.jpg;
TIAA_building_Denver_1670_Broadway_245.jpg;
Triangle_Building_1550_Wewatta_Street_311.jpg;
Union_Station_0775.jpg;
Union_Station_building_Denver_767.jpg;
Union_Station_building_Denver_773.jpg;
University_Club_San_Francisco_Harvard_2967.jpg;
Wells Fargo Center_building_Denver_1700_Lincoln_Street_247.jpg;
Wells_Fargo_Center_building_Denver_414.jpg;
Westin_St_Francis_hotel_San_Francisco_2019.jpg;
Wild_Horse_Group_Picnic_Area_Colorado_1520.jpg;
Yellow_Schoolhouse_Rocky_Mountains_920.jpg;


T6_DSC_1293.jpg;
T6_DSC_1294.jpg;
T6_DSC_1304.jpg;
T6_DSC_1309.jpg;
T6_DSC_1314.jpg;
T6_DSC_1316.jpg;
T6_DSC_1318.jpg;
T6_DSC_1319.jpg;
T6_DSC_1348.jpg;
T6_DSC_1349.jpg;
T6_DSC_1361.jpg;
T6_DSC_1372.jpg;
T6_DSC_1373.jpg;
T6_DSC_1376.jpg;
T6_DSC_1379.jpg;
T6_DSC_1383.jpg;
T6_DSC_1392.jpg;
T6_DSC_1393.jpg;
T6_DSC_1397.jpg;
T6_DSC_1411.jpg;
T6_DSC_1412.jpg;
T6_DSC_1419.jpg;
T6_DSC_1424.jpg;
T6_DSC_1428.jpg;
T6_DSC_1436.jpg;
T6_DSC_1439.jpg;
T6_DSC_1441.jpg;
T6_DSC_1445.jpg;
T6_DSC_1448.jpg;
T6_DSC_1449.jpg;
T6_DSC_1454.jpg;
T6_DSC_1455.jpg;
T6_DSC_1460.jpg;

C1_DSC_0060.jpg;
C1_DSC_0087.jpg;
C1_DSC_0107.jpg;
C1_DSC_0126.jpg;
C1_DSC_0152.jpg;
C1_DSC_0169.jpg;
C1_DSC_0171.jpg - C1_DSC_0173.jpg;
C1_DSC_0179.jpg;
C1_DSC_0181.jpg;
C1_DSC_0182.jpg;
C1_DSC_0191.jpg;
C1_DSC_0199.jpg;
C1_DSC_0221.jpg - C1_DSC_0223.jpg;
C1_DSC_0233.jpg;
C1_DSC_0256.jpg;
C1_DSC_0271.jpg;
C1_DSC_0278.jpg;
C1_DSC_0297.jpg;
C1_DSC_0315.jpg;
C1_DSC_0318.jpg;
C1_DSC_0328.jpg;
C1_DSC_0337.jpg;
C1_DSC_0340.jpg;
C1_DSC_0390.jpg;
C1_DSC_0400.jpg;
C1_DSC_0440.jpg;
C1_DSC_0460.jpg;
C1_DSC_0462.jpg;
C1_DSC_0465.jpg;
C1_DSC_0485.jpg;
C1_DSC_0510.jpg;
C1_DSC_0513.jpg;
C1_DSC_0532.jpg;
C1_DSC_0536.jpg;
C1_DSC_0538.jpg;
C1_DSC_0539.jpg;
C1_DSC_0566.jpg;
C1_DSC_0573.jpg;
C1_DSC_0574.jpg;

## Completion/Publication

**Year of Completion:** 2016

## Author

- **Author:** David Gordon Oppenheimer
  **Author Created:** photograph
  **Work made for hire:** No
  **Citizen of:** United States
  **Domiciled in:** United States
  **Year Born:** 1970

## Copyright Claimant

Copyright Claimant:   David Gordon Oppenheimer
P.O. Box 8105, Asheville, NC, 28814, United States

## Rights and Permissions

Organization Name:   Performance Impressions LLC
Name:   David Gordon Oppenheimer
Email:   dave@performanceimpressions.com
Telephone:   (828)273-9339
Alt. Telephone:   (914)834-7030
Address:   P.O. Box 8105
Asheville, NC 28814 United States

## Certification

Name:   David Gordon Oppenheimer
Date:   December 08, 2016

Correspondence:   Yes



Page 12 of 12

# EXHIBIT 3

# EDWARD C. GREENBERG, LLC

### COUNSELORS AT LAW
570 LEXINGTON AVENUE, 19TH FLOOR
NEW YORK, NY  10022
TELEPHONE: (212) 697-8777
FACSIMILE: (212) 697-2528

Edward C. Greenberg*
ecglaw@gmail.com

Tamara L. Fitzgerald*†
tl.ecglaw@gmail.com

Of Counsel:
Debra S. Reiser*

[x]   IF BY MAIL, RESPOND TO:
445 HAMILTON AVENUE, SUITE 1102
WHITE PLAINS, NY  10601

August 1, 2019

BY PRIORITY MAIL
Lucas Visconti
Founder
DiversityInc Media LLC
3300 S DIXIE HWY,
West Palm Beach, FL, 33405-1987

### RE: David Oppenheimer w/ DiversityInc Media LLC;  Our File C469p

Dear Mr. Visconti

    We serve as retained copyright counsel to Mr. David Oppenheimer, a photographer of considerable reputation. This office routinely litigates matters of this nature.  We write regarding your unauthorized uses of our client's registered image.

    Please be advised that, our client has discovered that your company has employed our client's photographic image of the TIAA building, a copy of which is annexed hereto as **Exhibit "A"**.  Mr. Oppenheimer is the sole owner of and holds the copyright in the Subject image, registration number VAu 1-259-743, dated December 8, 2016.  Copies of the relevant pages of the registration certificate are annexed hereto as **Exhibit "B"**.

    You have prominently employed our client's image at least on your website www.diversityinc.com, in connection with several promotional articles and posts concerning TIAA. Some of such unauthorized uses include the following:

- https://www.diversityinc.com/featured-partners/tiaa-nine-trustees-elected-to-cref-board;
- https://diversityinc-img.rbl.ms/simage/https%3A%2F%2Fassets.rbl.ms%2F18093100%2F1200x600.jpg/2000%2C2000/jatnFwJHZF83odAF/img.jpg;
- https://www.diversityinc.com/media/2019/01/18227418-1245x700.jpg
- https://www.diversityinc.com/featured-partners/tiaa-promotes-corie-pauling-to-chief-diversity-inclusion-officer
- https://diversityinc-img.rbl.ms/simage/https%3A%2F%2Fassets.rbl.ms%2F18783585%2F1200x600.png/2000%2C2000/VV4ikUNIe0BoXEC0/img.png

*admitted in New York
†admitted in New Jersey

- https://www.diversityinc.com/media/2019/01/18783585-1245x700.png
- https://www.diversityinc.com/tiaa-mentorship-is-a-two-way-street
- https://www.diversityinc.com/media/2019/01/19026656-1245x700.png
- https://www.diversityinc.com/featured-partners/tiaa-bank-acquires-1-5-billion-healthcare-equipment-financing-portfolio-from-ge-capital
- https://www.diversityinc.com/media/2019/01/18845281-1245x700.png
- https://www.diversityinc.com/featured-partners/findings-in-new-tiaa-institute-study-counter-common-perceptions-of-adjunct-faculty-in-higher-education
- https://www.diversityinc.com/media/2019/01/18819550-1245x700.png
- https://www.diversityinc.com/featured-partners/tiaa-introducing-a-new-custom-default-solution-tiaa-retireplus
- https://www.diversityinc.com/media/2019/01/18730675-1245x700.png
- https://www.diversityinc.com/featured-partners/tiaa-unveils-the-tiaa-difference-maker-100-recognizing-extraordinary-people-helping-to-create-a-better-tomorrow
- https://www.diversityinc.com/media/2019/01/18714142-1245x700.png
- https://www.diversityinc.com/tiaa-mission-and-job-satisfaction-give-nonprofits-an-edge-over-for-profit-companies-in-attracting-and-retaining-talent-2608386624
- https://www.diversityinc.com/media/2019/01/18668737-1245x700.png
- https://www.diversityinc.com/featured-partners/tiaa-new-study-underscores-importance-of-financial-literacy-among-older-americans
- https://www.diversityinc.com/media/2019/01/18189808-1245x700.jpg
- https://www.diversityinc.com/featured-partners/tiaa-institute-and-pension-research-council-showcase-new-research-on-financial-decision-making
- https://www.diversityinc.com/media/2019/01/18124480-1245x700.jpg
- https://www.diversityinc.com/featured-partners/tiaa-names-lori-fouche-as-ceo-of-retail-institutional-financial-services
- https://www.diversityinc.com/media/2019/01/18093100-1245x700.jpg
- https://www.diversityinc.com/featured-partners/tiaa-introduces-tiaa-bank-serving-consumer-institutional-and-commerical-clients-nationwide
- https://www.diversityinc.com/media/2019/01/17976307-1245x700.jpg

Further, your company appears to have created **at least 13 infringing copies** of our client's image that are hosted and displayed on your website. Filenames for the infringed copies include the following:

1. 18227418-1245x700.jpg
2. 18668737-1245x700.png
3. 18714142-1245x700.png
4. 18730675-1245x700.png
5. 18783585-1245x700.png
6. 18819550-1245x700.png
7. 18845281-1245x700.png
8. 19026656-1245x700.png
9. img.jpg
10. 17976307-1245x700.jpg
11. 18093100-1245x700.jpg

    12. 18124480-1245x700.jpg
    13. 18189808-1245x700.jpg

Such uses of our client's image are without his license, authorization or consent. As you must be aware, the use of a creator's photographic image *without written consent* or license is **violative of the United States Code, Title 17, and The Copyright Act.** Said federal statute affords the creator a plethora of remedies including one or more of the following: monetary relief in the form of compensatory and or statutory damages, an award of attorney's fees and/or an injunction directing removal of the offending materials from the marketplace pending litigation.

It also appears that your company has **contributed to and/or induced the infringement** of our client's image by third parties, by inter alia, distributing and making the image available for copying by such third parties.  The subject image has been published at caktimes.com, specifically at https://caktimes.com/tiaa-ranked-on-diversityincs-2019-top-50-list/ and https://i1.wp.com/caktimes.com/wp-content/uploads/2019/05/TIAA-building.jpg?resize=768%2C432&ssl=1, within an article entitled "TIAA ranked on DiversityInc's 2019 top 50 list", where our client's image is the sole image for said publication, and is published above text that reads "Image Credits: DiversityInc".  Such contributory and/or induced copyright infringement would give rise to additional claims by Mr. Oppenheimer.  Copies of said uses of our client's image is annexed hereto at **Exhibit "D"**.

**Additionally, you appear to have removed Mr. Oppenheimer's copyright management information from his image without his license, authorization or consent**.   Specifically, the image as published by our client on his website performanceimpressions.com, includes his copyright notice, "© 2016 David Oppenheimer" on the bottom right-hand corner of the image itself. Additionally, the image is published on our client's website alongside other copyright management information, stating "© 2016 David Oppenheimer – Performance Impressions photography archives – www.performanceimpressions.com".  Further, the image file itself as published by Mr. Oppenheimer contains metadata identifying David Oppenheimer as the Author and including "© 2016 David Oppenheimer" in the copyright Field.  Both the watermark on the face of the image and the subject metadata have been stripped, deleted and/or are missing from the digital files as published on diversityinc.com.  The image appears to have been cropped and several unauthorized derivative works and copies created including without limitation the 13 image files identified above. Copies of the metadata for our client's image ("TIAA_building_Denver_1670_Broadway_245.jpg") as compared to the 13 image files mentioned above, as well as the image file for the use by caktimes.com ("TIAA-building.jpg") are annexed hereto at **Exhibit "E"**.

Such actions, as alleged, are violative of 17 U.S.C. 1201-1202, and would entitle Mr. Oppenheimer to civil remedies under 17 U.S.C. 1203, which provides for an award of monetary damages, inclusive of statutory damages, that are in ***addition*** to those provided for under 17 U.S.C. 504.

Neither you, your company, nor any agent or person on your company's behalf, has ever sought or obtained a license from Mr. Oppenheimer to employ the subject image for any purpose whatsoever.  This is despite the fact that both the watermark on the face of the image and the metadata within the image file contain clear copyright notices identifying Mr. Oppenheimer as the

author.  A simple Google search of our client's name and the word "photographer" reveals our client's website, which includes his contact information.  Notwithstanding, you neither sought nor obtained a license from our client.  Rather, you have disregarded these clear notices, simply and at least recklessly, employing the photographs at your election, *without a license, authorization or consent from the copyright holder*; this directly violates the exclusive rights granted to the copyright holder of the image and demonstrates willful copyright infringement.  In the event that our client establishes willful copyright infringement, he may be entitled to an award of enhanced statutory damages up to $150,000, plus attorneys' fees.

This letter shall serve as notice that your company **immediately cease and desist** any and all unauthorized uses of our client's image.  Any additional or further uses of our client's image will be at your company's peril.

If you or your company are in possession of any contract, license, agreement or writing of any kind or nature upon which your company intends to rely for the proposition that such usage is *authorized* or in the alternative, conclusively establishes that our client's claim is without merit, formal request is made herein to provide same.  Such request is made pursuant to Federal Rule 11 in a good faith effort to obviate litigation.  **Failing the production of such license we will be constrained to assume that such usage is violative of law**. In such event, we intend to institute suit against your company and any other appropriate defendants in the appropriate judicial forum.

*In the event your company is not in possession of any exculpatory documents*, and pursuant to our obligations under Rule 11, Rule 130 (and any other substantially equivalent rules or statutes), **formal request is made herein for the following information** and documents reflecting or demonstrating the requested information:

1.   The full nature and extent of the use of our client's image, in any and all formats, inclusive of the broadcast media and websites described herein as well as distribution on any other websites, publications (including but not limited to print publications) or programs owned, operated, or affiliated by your company, inclusive of: a description of such uses, the commencement of the terms of such use(s), and location(s) of such uses or display.

2.   Documents reflecting the revenue figures and profits realized from use of our client's image by your company, during the time in which the images were displayed by your company, including but not limited to advertising revenue;

3.   The source of the image(s) and the identities of the persons or companies preparing, supplying, editing, and/or producing same;

4.   Representative copies in any and all tangible form and media in which our client's image were incorporated or employed;

5.   Copies of written agreements or documents, with any and all persons or entities, referencing the creation, and reproduction regarding the offending use(s) of our client's image;

6.  Copies of any documents in any format upon which your company intends to rely for the proposition that Mr. Oppenheimer had knowledge of and/or agreed to have his image published by your company, inclusive of any emails or documents of any kind by and between your company (and/or those acting on your company's behalf) and Mr. Oppenheimer (and/or those acting on his behalf);

7.  Copies of any purported license or assignment relating to the image referenced herein and issued to your company by any third party;

8.  The nature and extent of any prospective license(s) your company may be seeking to allow for prospective authorized use(s), or which will provide adequate time to remove the offending publications from the web obviating plaintiff's need to seek judicial intervention for the purposes of obtaining an injunction prohibiting any and all uses such offending uses of his image;

9.  Copies of any copyright registrations filed with any government or agency thereof referencing, relating or including the imagery complained of herein;

10. Copies of written agreements or documents, with any and all persons or entities with whom your company has transferred, assigned, licensed, or provided the image, which reference the subject image and/or any corresponding products or publications in which the image(s) are employed;

11. The identity of all third parties to whom your company supplied the image(s), for any purpose whatsoever, including without limitation any press outlets, other websites or companies, anyone to whom you have distributed the articles with the subject image, and any sister- or affiliated companies with whom you have contracted to perform any work relating to uses or publications of the subject image;

12. A copy of your agreement with TIAA;

13. Data showing the web traffic and analytics for each webpage that has employed our client's Image without his license, authorization or consent, including but not limited to the number of views, comments, likes, any other trackable data, and revenue figures attendant thereto.

**Upon receipt of such information** we can fairly consider and determine an appropriate amount of compensation which may or may not include the granting of a limited license for prospective use or in the alternative, a brief period of time within which to permit removal of the image from the marketplace.  It is not our client's preference to commence litigation and he would prefer to resolve the matter promptly and amicably.  In order to do so, receipt of the above requested information within seven (7) business days of date is essential.

The following is to formally notify you, your company, its agents, employees and contractors **not to destroy, conceal or alter any goods, information, and/or images** stored in electronic form or generated by your company's computer systems or electronic devices including but not limited to its web sites.  This information appears relevant to the above matters and may be unavailable from any other source.  As you may know, such electronic information can easily be inadvertently destroyed and the failure to take **reasonable measures to preserve** it pending the completion of

discovery can result in sanctions being imposed against you or your company. S*ee, e.g., Cedars Sinai Med. Ctr. v. Superior Ct.* (1998) 18 Cal 4th 1, 74 Cal Rptr 2d 248; *Zubulake v. UBS Warburg LLC* (SDNY 2003) 220 FRD 212, 216.

In order to comply with the discovery requests that we will make in this matter your company may need to provide electronic evidence in its native format. Your company may also need to provide electronic documents, along with the metadata or information about data that is contained in those electronic documents. Even when a paper copy of a document or file exists, we will also seek the documents or files in their electronic format so that we also receive the information in the metadata. Our discovery requests will include certain data on your company's hard drives, floppy discs, and backup files, and will include data not usually available to the ordinary computer user, such as deleted files and file fragments.

Thus, the electronic data and the storage devices in which they are kept that you and your company are ***obligated to maintain and preserve*** during the pendency of the discovery planned in this case include all of the following data and devices:

1.   Electronic files including deleted files and file fragments, stored in machine-readable format on magnetic optical or other storage media, including hard drives or floppy disks in your company's desktop computers, laptop computers, home personal computers, zip drives, external hard drives, usb keys, and the backup media used for each;

2.   E-mail, both sent and received, internally or externally;

3.   Telephone files and logs such as voicemail and universal mobile telecommunications systems (UMTS) data;

4.   Word processing files, including drafts and revisions;

5.   Spreadsheets, including drafts and revisions;

6.   Databases;

7.   Electronic files in portable storage devices such as floppy discs, compact discs, digital video discs, ZIP drives, thumb drives or pen drives;

8.   Graphs charts and other data produced by project management software;

9.   Data generated by calendaring, task management and personal information management software, such as Microsoft Outlook;

10.  Data created with the use of or stored on personal data assistants such as PalmPilot inclusive of substantially equivalent devices;

11.     Data created, derived and/or edited with the use of editing software such as Photoshop, Adobe, and any accompanying software;

12.     Data created with the use of paper and electronic mail logging and routing software;

13.     Internet and web-browser generated history files, caches, and "cookies" generated by your company or at the workstation of each employee in your company's employ and on any and all backup storage media;

14.     Logs of network use by your company and its distributors and/or customer's employees, whether kept in paper or electronic format;

15.     Copies of your company's backup tapes and the software necessary to reconstruct the data on those tapes on each and every personal computer or workstation and network server in your company's control and custody;

16.     Electronic information in copiers, fax machines and printers;

17.     Web-site files and records of any kind and all histories of those files;

18.     All records of sales generated and processed through software for goods employing the offending image.

19.     Records, copies, reproductions and evidence set forth above existing or printed on physical paper or paper product(s).

As previously stated, the failure to maintain such information, and any other electronic information which may be called upon in discovery, can lead to severe penalties in the discretion of the Court.

We require delivery of the above sought documentation within seven (7) days of date. Absent an exculpatory document or license, any and all uses of our client's image will be made at your peril. Should we fail to hear from you we will file suit in the United States District Court against your company and any other appropriate defendants without further notice.

Very truly yours,

EDWARD C. GREENBERG

cc: David Oppenheimer

**EXHIBIT A**



**EXHIBIT B**

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Kay Perle Clagett*

Acting United States Register of Copyrights and Director

**Registration Number**

**VAu 1-259-743**

**Effective Date of Registration:**
December 08, 2016

---

**Title** _____

**Title of Work:** 2016 Summer Travel Photographs by David Oppenheimer

**Previous or Alternate Title:** Individual Unpublished Works - Photographs of Denver, San Francisco, Amtrak ride from Colorado to California

**Content Title:** T6_DSC_1576.jpg;
T6_DSC_1579.jpg;
T6_DSC_1582.jpg;
T6_DSC_1584.jpg;
T6_DSC_1585.jpg;
T6_DSC_1588.jpg;
T6_DSC_1596.jpg;
T6_DSC_1607.jpg;
T6_DSC_1613.jpg;
T6_DSC_1618.jpg;
T6_DSC_1641.jpg;
T6_DSC_1650.jpg;
T6_DSC_1654.jpg;
T6_DSC_1655.jpg;
T6_DSC_1661.jpg;
T6_DSC_1662.jpg;
T6_DSC_1724.jpg;
T6_DSC_1725.jpg;
T6_DSC_1726.jpg;
T6_DSC_1796.jpg;
T6_DSC_1799.jpg;
T6_DSC_1800.jpg;
T6_DSC_1805.jpg;
T6_DSC_1813.jpg;
T7_DSC_1821.jpg;
T7_DSC_1824.jpg;
T7_DSC_1831.jpg;
T7_DSC_1839.jpg;
T7_DSC_1846.jpg;
T7_DSC_1859.jpg;
T7_DSC_1870.jpg;
T7_DSC_1877.jpg;
T7_DSC_1886.jpg;
T7_DSC_1887.jpg;
T7_DSC_1923.jpg;
T7_DSC_1932.jpg;
T7_DSC_1947.jpg;
T7_DSC_1950.jpg;

T7_DSC_1952.jpg;
T7_DSC_1955.jpg;
T7_DSC_1956.jpg;
T7_DSC_1960.jpg;
T7_DSC_1970.jpg;
T7_DSC_1972.jpg;
T7_DSC_1973.jpg;
T7_DSC_1980.jpg;
T7_DSC_1999.jpg;
The_Estes_Park_Resort_704.jpg;
The_Westin_Denver_International_Airport_103.jpg;
The_Westin_Denver_International_Airport_110.jpg;
TIAA_building_Denver_1670_Broadway_245.jpg;
Triangle_Building_1550_Wewatta_Street_311.jpg;
Union_Station_0775.jpg;
Union_Station_building_Denver_767.jpg;
Union_Station_building_Denver_773.jpg;
University_Club_San_Francisco_Harvard_2967.jpg;
Wells Fargo Center_building_Denver_1700_Lincoln_Street_247.jpg;
Wells_Fargo_Center_building_Denver_414.jpg;
Westin_St_Francis_hotel_San_Francisco_2019.jpg;
Wild_Horse_Group_Picnic_Area_Colorado_1520.jpg;
Yellow_Schoolhouse_Rocky_Mountains_920.jpg;


T6_DSC_1293.jpg;
T6_DSC_1294.jpg;
T6_DSC_1304.jpg;
T6_DSC_1309.jpg;
T6_DSC_1314.jpg;
T6_DSC_1316.jpg;
T6_DSC_1318.jpg;
T6_DSC_1319.jpg;
T6_DSC_1348.jpg;
T6_DSC_1349.jpg;
T6_DSC_1361.jpg;
T6_DSC_1372.jpg;
T6_DSC_1373.jpg;
T6_DSC_1376.jpg;
T6_DSC_1379.jpg;
T6_DSC_1383.jpg;
T6_DSC_1392.jpg;
T6_DSC_1393.jpg;
T6_DSC_1397.jpg;
T6_DSC_1411.jpg;
T6_DSC_1412.jpg;
T6_DSC_1419.jpg;
T6_DSC_1424.jpg;
T6_DSC_1428.jpg;
T6_DSC_1436.jpg;
T6_DSC_1439.jpg;
T6_DSC_1441.jpg;
T6_DSC_1445.jpg;
T6_DSC_1448.jpg;
T6_DSC_1449.jpg;
T6_DSC_1454.jpg;
T6_DSC_1455.jpg;
T6_DSC_1460.jpg;

C1_DSC_0060.jpg;
C1_DSC_0087.jpg;
C1_DSC_0107.jpg;
C1_DSC_0126.jpg;
C1_DSC_0152.jpg;
C1_DSC_0169.jpg;
C1_DSC_0171.jpg - C1_DSC_0173.jpg;
C1_DSC_0179.jpg;
C1_DSC_0181.jpg;
C1_DSC_0182.jpg;
C1_DSC_0191.jpg;
C1_DSC_0199.jpg;
C1_DSC_0221.jpg - C1_DSC_0223.jpg;
C1_DSC_0233.jpg;
C1_DSC_0256.jpg;
C1_DSC_0271.jpg;
C1_DSC_0278.jpg;
C1_DSC_0297.jpg;
C1_DSC_0315.jpg;
C1_DSC_0318.jpg;
C1_DSC_0328.jpg;
C1_DSC_0337.jpg;
C1_DSC_0340.jpg;
C1_DSC_0390.jpg;
C1_DSC_0400.jpg;
C1_DSC_0440.jpg;
C1_DSC_0460.jpg;
C1_DSC_0462.jpg;
C1_DSC_0465.jpg;
C1_DSC_0485.jpg;
C1_DSC_0510.jpg;
C1_DSC_0513.jpg;
C1_DSC_0532.jpg;
C1_DSC_0536.jpg;
C1_DSC_0538.jpg;
C1_DSC_0539.jpg;
C1_DSC_0566.jpg;
C1_DSC_0573.jpg;
C1_DSC_0574.jpg;

## Completion/Publication

**Year of Completion:** 2016

## Author

- **Author:** David Gordon Oppenheimer
  **Author Created:** photograph
  **Work made for hire:** No
  **Citizen of:** United States
  **Domiciled in:** United States
  **Year Born:** 1970

## Copyright Claimant

Copyright Claimant: David Gordon Oppenheimer
P.O. Box 8105, Asheville, NC, 28814, United States

## Rights and Permissions

Organization Name: Performance Impressions LLC
Name: David Gordon Oppenheimer
Email: dave@performanceimpressions.com
Telephone: (828)273-9339
Alt. Telephone: (914)834-7030
Address: P.O. Box 8105
Asheville, NC 28814 United States

## Certification

Name: David Gordon Oppenheimer
Date: December 08, 2016

Correspondence: Yes



Page 12 of 12

**EXHIBIT C**



7/31/2019                                    img.jpg (2000×1000)



7/31/2019                                    18227418-1245x700.jpg (960×540)





**FEATURED PARTNERS**

# TIAA Promotes Corie Pauling to Chief Diversity & Inclusion Officer

Written by DiversityInc Staff on October 30, 2018

**More in Featured Partners:**



**TIAA**, a leading financial services provider, announced the promotion of Corie Pauling to Chief Diversity & Inclusion Officer. She reports to Sean N. Woodroffe, Chief Human Resources Officer.

7/31/2019                                     18783585-1245x700.png (960×540)





7/31/2019                                    19026656-1245x700.png (960×540)





**FEATURED PARTNERS**

# TIAA Bank Acquires $1.5 Billion Healthcare Equipment Financing Portfolio from GE Capital

Written by DiversityInc Staff on November 16, 2018

More in Featured Partners:

Originally Published by **TIAA**.

18845281-1245x700.png (960×540)





7/31/2019                              18819550-1245x700.png (960×540)





**FEATURED PARTNERS**

# TIAA: Introducing a New Custom Default Solution, TIAA RetirePlus

Written by DiversityInc Staff on October 16, 2018

**More in Featured Partners:**

Originally Published by **TIAA**.

TIAA, the largest provider in the nonprofit retirement market, announced TIAA RetirePlus, a new addition to their suite of Custom Default Solutions that offers predefined asset

7/31/2019                                18730675-1245x700.png (960×540)



7/31/2019                                              18714142-1245x700.png (960×540)







**FEATURED PARTNERS**

# TIAA: Mission and Job Satisfaction Give Nonprofits an Edge Over For-Profit Companies in Attracting and Retaining Talent

Written by DiversityInc Staff on September 27, 2018

Wednesday, July 31, 2019

7/31/2019                                    18668737-1245x700.png (960×540)





**FEATURED PARTNERS**

# TIAA: New Study Underscores Importance of Financial Literacy Among Older Americans

Written by DiversityInc Staff on July 16, 2018

**More in Featured Partners:**

Originally Published by **TIAA**.

Wednesday, July 31, 2019

7/31/2019                                    18189808-1245x700.jpg (960×540)





FEATURED PARTNERS

# TIAA Institute and Pension Research Council Showcase New Research on Financial Decision-Making

Written by DiversityInc Staff on June 26, 2018

More in Featured Partners:

Originally Published by **TIAA**.

7/31/2019                                                 18124480-1245x700.jpg (960×540)





7/31/2019                                          18093100-1245x700.jpg (960×540)





**FEATURED PARTNERS**

# TIAA Introduces TIAA Bank, Serving Consumer, Institutional and Commercial Clients Nationwide

Written by DiversityInc Staff on June 7, 2018

**More in Featured Partners:**

Originally Published by **TIAA**.

7/31/2019                                                17976307-1245x700.jpg (960×540)



**EXHIBIT D**



7/31/2019                                         TIAA-building.jpg (768×432)



**EXHIBIT E**



⊘ TIAA_building_Denver_1670_Broadway_245.jpg































# EXHIBIT 4

# EDWARD C. GREENBERG, LLC

COUNSELORS AT LAW
570 LEXINGTON AVENUE, 19TH FLOOR
NEW YORK, NY  10022
TELEPHONE: (212) 697-8777
FACSIMILE: (212) 697-2528

Edward C. Greenberg*
ecglaw@gmail.com

Tamara L. Fitzgerald*†
tl.ecglaw@gmail.com

Of Counsel:
Debra S. Reiser*

[X]  IF BY MAIL, RESPOND TO:
445 HAMILTON AVENUE, SUITE 1102
WHITE PLAINS, NY  10601

September 16, 2019

BY PRIORITY MAIL
Carolynn Johnson
Chief Executive Officer
DiversityInc Media LLC
3442 Nassau St.
Princeton, NJ  08540

### RE: David Oppenheimer w/ DiversityInc Media LLC;  Our File C469p

Dear Ms. Johnson:

We serve as retained copyright counsel to Mr. David Oppenheimer, a photographer of considerable reputation. This office routinely litigates matters of this nature.  We previously wrote to your company by a letter dated August 5, 2019, concerning your company's unauthorized uses of our client's copyright registered image.  Said letter, inter alia, required that you cease and desist all uses of our client's image, and requested a response to the inquiries set forth in the letter within seven days.  Notwithstanding, we have yet to receive any response to our letter and the unauthorized uses of our client's image continue unabated.   A copy of our August 5, 2019 letter is enclosed herewith for your ease of reference.

Absent your company's cooperation, our client will be constrained to file suit.  If you would like to resolve the matter prior to the commencement of suit, then your response is required by the close of business on Monday, September 30, 2019.  Be governed accordingly.

Very truly yours,

EDWARD C. GREENBERG

cc: David Oppenheimer

*admitted in New York
†admitted in New Jersey

# EXHIBIT 5

# EDWARD C. GREENBERG, LLC

### COUNSELORS AT LAW
570 LEXINGTON AVENUE, 19TH FLOOR
NEW YORK, NY 10022
TELEPHONE: (212) 697-8777
FACSIMILE: (212) 697-2528

Edward C. Greenberg*
ecglaw@gmail.com

Tamara L. Fitzgerald*†
tl.ecglaw@gmail.com

Of Counsel:
Debra S. Reiser*

[X]   IF BY MAIL, RESPOND TO:
445 HAMILTON AVENUE, SUITE 1102
WHITE PLAINS, NY 10601

October 7, 2019

BY PRIORITY MAIL
Carolynn Johnson
Chief Executive Officer
DiversityInc Media LLC
342 Nassau St.
Princeton, NJ 08540

**RE: David Oppenheimer w/ DiversityInc Media LLC;  Our File C469p**

Dear Ms. Johnson:

We serve as retained copyright counsel to Mr. David Oppenheimer, a photographer of considerable reputation. This office routinely litigates matters of this nature.  We previously wrote to your company by a letter dated August 5, 2019, concerning your company's unauthorized uses of our client's copyright registered image.  Said letter, inter alia, required that you cease and desist all uses of our client's image, and requested a response to the inquiries set forth in the letter within seven days.  Notwithstanding, we have yet to receive any response to our letter and the unauthorized uses of our client's image continue unabated.   A copy of our August 5, 2019 letter is enclosed herewith for your ease of reference.

Absent your company's cooperation, our client will be constrained to file suit.  If you would like to resolve the matter prior to the commencement of suit, then your response is required by the close of business on Monday, September 30, 2019.  Be governed accordingly.

Very truly yours,

EDWARD C. GREENBERG

cc: David Oppenheimer

*admitted in New York
†admitted in New Jersey